UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MINTON, et al.,<br><br>                Plaintiffs,<br><br>       v.<br><br>BROAN-NUTONE, LLC,<br><br>                Defendant. | CASE NO. C16-1216JLR<br><br>ORDER DENYING STIPULATED MOTION FOR A SIX-MONTH EXTENSION OF THE CASE SCHEDULE |

Before the court is the parties' stipulated motion for an extension of the January 22, 2018, trial date and all other case schedule deadlines by approximately six months. (Stip. Mot. (Dkt. # 18).) The court has considered the parties' stipulated motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES the motion.

Plaintiffs filed this lawsuit on August 3, 2016. (Compl. (Dkt. # 1).) On September 22, 2017, the parties filed a Joint Status Report, in which the parties jointly represented that they believed discovery could be completed by September 15, 2017, and

ORDER- 1

the matter would be ready for trial on December 15, 2017. (JSR (Dkt. # 13) at 3-4.) Based on these representations, the court issued a scheduling order, which largely granted the parties' proposed timeline by setting the discovery cutoff on September 25, 2017, and the trial date on January 22, 2018. (Sched. Ord. (Dkt. # 14) at 1.) The only justification the parties provide for their requested six-month extension of the trial date and case schedule is that "the parties have agreed to schedule a mediation in late summer or early fall" and "agree that it will be fruitful to avoid incurring expenses associated with upcoming . . . expert disclosures (currently under a July 26, 2017[,] deadline)." (Stip. Mot. at 1.) The parties further aver that "[i]f settlement is not achieved, then . . . further fact discovery will be necessary requiring an extension of the September 25, 2017[,] discovery cutoff." (*Id.* at 1-2.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could

not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608.

The court's scheduling order itself states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause." (Sched. Ord. at 2.) Moreover, settlement negotiations do not constitute good cause justifying the modification of a pretrial scheduling order. *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) ("[A]s a legal matter, settlement discussions do not, in of themselves, arise to good cause for modifying a scheduling order."); *Eckert v. City of Sacramento,* No. 2:07-cv-00825-GEB-GGH, 2009 WL 3211278, at *2-3 (E.D. Cal. Sept. 30, 2009) (citing *Brooks v. Eclipse Recreational Vehicles, Inc.*, No. CV-08-1731-PHX-LOA, 2009 WL 1616017, at *3 (D. Ariz. June 9, 2009)).

The possibility that the parties might engage in settlement negotiations or a mediation near the end of the discovery period is a matter that counsel could have foreseen or anticipated at the time they filed their joint status report and thereby informed the court when the case would be ready for trial. Notably absent from the stipulated motion is any substantive discussion related to the discovery the parties have completed to date or the discovery the parties still need to perform. The court finds that the parties have not established good cause for a six-month extension of the trial date and all related case deadlines. Accordingly, the court DENIES the parties' stipulated motion (Dkt. # 18).

Nevertheless, the court is not without some flexibility with respect to the parties' case schedule. The court will not simply extend the parties' trial date and related case deadlines by six months because this might imperil trial dates that the court has set in other matters for parties who have timely prepared their cases. The court is willing, however, to move this matter to the end of its trial calendar and issue a new scheduling order based on that new trial date for any deadlines that have not already lapsed. In deciding whether to accept this alternative, the parties should be aware that the court is presently scheduling trials in late October 2018. If the parties agree on this alternative, they should so inform the court within seven days of the filing date of this order.

Dated this 10th day of July, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge